Joe L. JOHNSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 86, Docket 75–2016.

United States Court of Appeals, Second Circuit.

Submitted Sept. 17, 1975.

Decided Oct. 16, 1975.

Joe L. Johnson, pro se.

David G. Trager, U. S. Atty. for the Eastern District of New York, Paul B. Bergman and Richard Brewster, Asst. U. S. Attys., Burton S. Weston, Student, New York University School of Law, for appellee.

Before MOORE, FEINBERG and OAKES, Circuit Judges.

PER CURIAM:

Joe L. Johnson appeals from the denial, without an evidentiary hearing, of his petition under 28 U.S.C. § 2255 to vacate his sentence of 15 years for violating the narcotics laws. The sentence was imposed in December 1972 by Judge Anthony J. Travia after a jury trial in the United States District Court for the Eastern District of New York. This court affirmed the conviction from the bench, 474 F.2d 1336 (1973). The subsequent section 2255 petition alleged that Johnson had been denied his right to a speedy trial and was not afforded the effective assistance of counsel. On November 1, 1974, Judge Travia denied the petition in a five-page memorandum opinion.

Petitioner moved for reargument, this time adding allegations that Judge Travia had been in collusion with petitioner's trial counsel and giving further examples of the alleged incompetence of the latter. Because of Judge Travia's resignation from the bench, the motion was assigned to Judge Costantino. In a short memorandum, dated December 10, 1974, Judge Costantino denied the motion for rehearing but granted leave to appeal in forma pauperis.

We have reviewed the papers submitted by appellant and, except for one point there raised, we would have affirmed in open court substantially upon Judge Travia's excellent opinion. The exception is appellant's claim in his brief that his counsel had improperly agreed with the prosecutor and the trial judge not to use certain evidence and was even reprimanded on the record for attempting to go back on the agreement. Perhaps in an excess of caution since this claim was not made with specificity in the district court, we asked the United States Attorney to search the record for the quoted testimony and to advise us and appellant of the result of his inquiry. The United States Attorney has done so, and reports that he is unable to find the reference, either in the trial transcript or in the record of a pre-trial suppression hearing to which appellant refers. We have made a similar search to no avail.

Accordingly, we affirm the judgment of the district court.